OPINION
Appellant, Wilbur Johns, appeals from the judgment issued by the Portage County Municipal Court, denying his motion to suppress evidence.
On October 9, 1998, Patrolman Scott William Krieger of the Ravenna City Police Department was dispatched to the parking lot of a Giant Eagle supermarket in Ravenna, Ohio, to investigate a citizen tip reporting a drunk driver. When Patrolman Krieger arrived at the parking lot, he spoke to Sally Knight, who had called the police department from her cellular phone, in a praiseworthy effort to keep the roads safe from drunk drivers. She told the patrolman that at approximately 8 p.m., while she and friend were driving in an alley next to the Ravenna Elks Club, a car exiting the parking lot almost hit their car. After making a quick stop, she and her friend returned to Main Street and observed the same car directly in front of them. They followed the car into the parking lot of the Giant Eagle supermarket and observed appellant get out of his car and walk into the store. From the manner in which he walked, he appeared to be intoxicated. Sally Knight identified appellant's car, which was still parked in the lot, and Patrolman Krieger left the parking lot and parked across the street to wait for appellant to drive out of the lot.
Patrolman Krieger observed appellant's vehicle exit the Giant Eagle parking lot and turn westbound onto Main Street. Appellant's vehicle went left of center into the turn lane designated for eastbound traffic and traveled left of center for approximately 80 feet. Patrolman Krieger then observed appellant's vehicle turn southbound onto Liberty Street and fail to come to a complete stop at a stop sign before turning right onto Riddle Avenue. At that point, the patrolman stopped appellant and asked him for his driver's license. After the patrolman smelled the odor of alcoholic beverages and noticed that appellant's eyes were bloodshot, he asked appellant to exit the car in order to perform field sobriety tests. After appellant failed each of the tests, Patrolman Krieger arrested him and issued him traffic citations for driving under the influence of alcohol, in violation of Ravenna City Ordinance 434.01(A)(1) and failing to come to a complete stop at a stop sign, in violation of Ravenna City Ordinance 414.01.
Appellant subsequently filed a motion to suppress evidence, which was denied after hearing. On July 2, 1999, appellant pled no contest and was sentenced accordingly the same day. From this judgment, appellant assigns the following error:
 "The trial court erred to the prejudice of appellant by overruling the motion to suppress upon lack of probable cause for arrest."
Appellant contends that his Fourth Amendment rights were, violated because Patrolman Krieger had no reasonable suspicion of criminal activity to justify an investigative stop based on the information he received from the citizen tip. Appellant maintains that his stop was patently pretextual because the citizen tip was insufficient to demonstrate erratic driving and Sally Knight did not personally identify him.
In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse
(1979), 440 U.S. 648, 663, 99 S.Ct. 1391. The propriety of an investigative stop is to be viewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,524 N.E.2d 489, paragraph one of the syllabus.
In the instant case, the adequacy of the information included in the citizen tip is irrelevant to determine whether Patrolman Krieger had reasonable suspicion to stop appellant because he did not rely on Knight's information, but personally observed appellant commit traffic violations. As we stated inState v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported,
 "Once the officer has stopped the vehicle for some minor traffic offense and begins the process of obtaining the offender's license and registration, the officer may then proceed to investigate the detainee for driving under the influence if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts, such as where there are clear symptoms that the detainee is intoxicated."
Given that the patrolman followed appellant's vehicle and witnessed him travel left of center for a significant distance and fail to come to a complete stop at a stop sign, we cannot conclude that the stop conducted by Patrolman Krieger was pretextual. The patrolman had probable cause to stop appellant to issue him a traffic citation; therefore, the trial court did not err by denying appellant's motion to suppress.
For the foregoing reasons, the judgment of the Portage County Municipal Court is affirmed.
 ____________________________________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.